## SARGENT v. PITTMAN BROS. & CO. *et al.*

1. APPRAISEMENT LAW: LIENS. Under section 3360 of the Revision of 1860, property appraised must be sold for a sum which, when added to the prior incumbrances, shall realize to the debtor two-thirds of the fair value of the property, as the same has been ascertained by the appraisement.

### *Appeal from Davis District Court.*

### TUESDAY, JUNE 21.

AGREED CASE. Defendants recovered two several judgments against plaintiff, issued executions thereon, and levied upon certain real estate, upon which there were prior incumbrances to the amount of $869.75.

Said real estate was duly appraised at $3,000, and it was agreed that the creditors should bid the same off at two-thirds of the appraised value, exclusive of the incumbrances. They accordingly bid at the sheriff's sale $1,130,25, and the object of this proceeding is to determine whether the defendant in execution (the present plaintiff), is not entitled to a further credit of $289.91, or in the aggregate $1,420.16, this being the true amount, if the incumbrances are to be deducted from the appraisement (3,000), whereas the amount bid is all to which plaintiff is entitled, if the prior liens are to be deducted from *two-thirds* of the entire value.

The court below held in favor of defendants, and plaintiff appeals.

*M. H. Jones* for the appellant.

*S. S. Caruthers* for the appellee.

WRIGHT, Ch. J.—This case involves the construction of section 3360 of the Revision, which declares: "That no goods, chattels, lands or tenements shall be sold, on execu-

tion issued from any court, for less than two-thirds of the fair value thereof, at the time of sale, exclusive of all liens, mortgages or incumbrances thereon, except as hereinafter provided."

In our opinion the incumbrances are to be deducted from the two-thirds value, and as a consequence that the court below did not err in refusing the further credit. The theory of the statute is, that the amount bid, added to the prior incumbrances, shall realize to the debtor two-thirds of the fair value of his property. More than this, the creditor is not bound to pay. But if the plaintiff's theory is correct, then it is but too manifest that he would realize not $2,000 (or two-thirds of the appraisement, $3,000), but $2,290.01. This result is reached thus:

Deducting the incumbrances, $869.75, from the appraisement, leaves,.............................. $2,130 25
Two-thirds of this is,...................... 1,420 16
Add incumbrances, ...................... 869 75

$2,290 91

Or, $290.91 more than two-thirds of the fair value of the property.

The creditor's bid, however, being $1,130.25, if we add the incumbrances, $869.75, we have $2,000, or two-thirds of the fair value, as ascertained by due appraisement.

It must be remembered that the purchaser takes the property burdened with the prior liens. That it is bound in his hand not for two-thirds of the incumbrance thus resting upon it, but for the whole amount. And as he takes it thus incumbered and liable to pay the same, before acquiring a clear title, it would seem to follow under the statute that he should not be required to pay first and last, more than two-thirds of the appraisement. It is very clear that if execution had been issued in this case upon all the judgments, including those prior to the defendants,

the bidder would not have been required to bid more than $2,000, for this was two-thirds of its fair appraised value. And why is not the same result reached in entire accordance with the letter and spirit of the statute, when he pays part of that amount to the debtor, or for him to the immediate execution plaintiff, and the balance to the prior lien holder.

, The order sustaining the demurrer to the petition is

Affirmed.