## BARBER v. TRYON & PIERCE.

1. **Judicial Sale:** APPRAISEMENT: INCUMBRANCE. Whether it be the duty of the appraisers to ascertain and return the amount of incumbrances upon the property appraised, or whether the amount should be determined by the purchaser at his peril, *quære*.

2. ——: ——: BURDEN OF PROOF. The party who assails the validity of a judicial sale upon the ground that the amount bid does not, with the incumbrances, equal two-thirds of the appraised value, has the burden and must show the amount of the incumbrances.

3. ——: LIENS: DUTY OF PURCHASER. The purchaser at judicial sale is not bound to look beyond the records for the purpose of ascertaining whether liens of record have been discharged.

*Appeal from Jones District Court.*

WEDNESDAY, OCTOBER 20.

THIS is an action in equity to set aside sheriff's sales of forty acres of land.

The petition alleges that, on the 8th day of June, 1872, Tryon & Pierce caused said real estate to be sold under execution as the property of John Barber, in satisfaction of a judgment they held against him for $100 and costs, and that they bid the same off in their own name, and received a sheriff's deed therefor, which was recorded September 7th, 1872, and that in October, 1872, they accepted of John Barber $100 in full satisfaction of said judgment.

That on the 14th of February, 1873, Tryon & Pierce again

caused said real estate to be sold at sheriff's sale as the property of John Barber, in satisfaction of a judgment of $39.77, and $1.50 costs, which they held against him, and that they received a sheriff's deed which was recorded March 22d, 1873. That no appraisement of the real estate was made on either of said sales. That on the 6th day of January, 1873, one G. W. Field obtained judgment against plaintiff for $25.00, and $2.70 costs, and that on the 17th day of March, 1873, said real estate was sold to Tryon & Pierce, under said judgment, for the sum of $126.70. That prior to the sale the said real estate was appraised at $400.00; that there were no incumbrances, and the property did not sell for two-thirds its appraised value.

That on the 1st day of October, 1873, plaintiff tendered the whole amount of the judgment, interest and costs, in redemption of said real estate, and that defendants refused to accept the same. That they have taken possession, committed waste, and cultivated and enjoyed the use of said premises, to plaintiff's damage—$300.00.

The defendants admit that the sales against John Barber were made without appraisement, but allege that the property had been fraudulently sold by John Barber to defraud his creditors, and that it was held by plaintiff in secret trust. They allege that, prior to the last above mentioned sale, the property was appraised at $400.00, and that there was an incumbrance thereon of $140.00, which the appraisers deducted, and that, after deducting the incumbrance, the land sold for more than two thirds the appraised value.

The court dismissed plaintiff's petition, and he appeals.

*Sheean & McCarn*, for appellant.

To overturn by parol evidence the legal title to real estate, by showing that it is held in trust for another, the testimony must be clear, satisfactory, and conclusive. (*Maple v. Nelson*, 31 Iowa, 322; *Parker v. Pierce*, 16 Id., 227; *Fifield v. Gaston*, 12 Id., 218.) A deed, to be in fraud of creditors, must have been made to defraud *existing* creditors. (*Hook v. Morse*, 17 Iowa, 195; *Gardner v. Baker*, 25 Iowa, 343.) It is a prior and not a subsequent creditor, who can take advantage of a

fraud in the execution of a conveyance. (*Whitescarver v. Bonney*, 9 Iowa, 480.) A sheriff's sale for less than two-thirds of the fair value of the land sold, exclusive of all liens, mortgages, and incumbrances, is void. (*Sprout v. Reid*, 3 G. Greene, 497; *Harrison v. Rapp*, 2 Black; Rorer on Jud. Sales, 240, § 676–7.) *Caveat emptor* is the rule applicable to the purchaser at judicial sales. (Rorer on Jud. Sales, pp. 168–9.)

*G. W. Field*, for appellees.

One who has paid a part of the purchase money for land, and has exercised acts of ownership, been in possession and made improvements, has an interest therein subject to execution. (Rorer Jud. Sales, §§ 552–5, 2 Iowa, 328; 3 Id., 543.) A deed which is both fraudulent and voluntary is void as to subsequent, as well as to existing, creditors. (*Gardner v. Baker*, 25 Iowa, 343.) It would seem to be the policy of the law that a judicial sale to a purchaser for value, who is a stranger to the proceedings, should be sustained, notwithstanding a failure to appraise, or irregularity in the proceedings. (*Maple v. Nelson*, 31 Iowa, 322; *Hill v. Baker*, 32 Id., 302.)

*A. J. Monroe*, for appellees.

If the judgment, execution, and levy are regular, they are sufficient to justify the purchaser in paying the purchase price. (*Johnson v. Carson*, 3 G. Greene, 499.) A *bona fide* purchaser, not a party to the record, cannot be affected by the laches of the officers conducting the sale. (*Butterfield v. Walch*, 21 Iowa, 97; *Wheaton v. Sexton*, 4 Wheat., 503; *Averill v. Wilson*, 4 Barb., 180; 1 Iowa, 302; *Childs v. McChisney*, 20 Id., 431; *Allen v. Parish*, 3 Ohio, 188; *Ludlow v. Johnson*, 3 Iowa, 553; Rorer Jud. Sales, 228, note 2.) After the execution of the deed, nothing in the sale but want of power or fraud can effect the title of vendee. (*McAffee v. Harris*, 1 Casey, 102.)

DAY, J.—The property was appraised at $400.00, two-thirds of which is $266.66. The incumbrances were reported at

$140.00, and the land sold for $126.70, which, added to the incumbrances, makes $266.70, or more than two-thirds the appraised value, if the incumbrances were correctly reported. See *Sargent v. Pittman Bros. & Co.*, 16 Iowa, 469.

Whether the amount of the incumbrances is to be estimated and returned by the appraisers, or determined at his peril by the purchaser, the statute does not prescribe, and we need not now determine. The plaintiff is seeking relief upon the ground that the property did not sell for such sum as, added to the incumbrances, amounts to two-thirds the appraised value, and upon him is the burden of establishing that fact. If it should turn out that the sale was made for such sum, or if it does not affirmatively appear that it was not, the sale must be upheld, even if the amounts of the incumbrances were not ascertained by any one. It is not the fact that the incumbrances were ascertained, but that the sale was made for two-thirds the appraised value, that is material. Now, we think the plaintiff has failed to make appear affirmatively facts sufficient to vitiate this sale. There was, at the time of the sale of record against this land, an unsatisfied school fund mortgage for $100.00, dated January 1st, 1871. At the time of the sale this at ten per cent amounted to about $122.00. It is true the auditor testifies that of this sum, $100.00 had been paid, and that the records on the school fund books in his office show the payment. But the mortgage remained unsatisfied, and was a subsisting incumbrance against the property, so far as the records disclosed. It cannot be that a purchaser at sheriff's sale is bound to look beyond the records for the purpose of determining whether apparent liens or incumbrances have not been discharged. It is the duty of the judgment debtor to furnish the proper evidence of that. This incumbrance amounts to within $18.00 of the amount deducted by the appraisers, and, added to the bid, makes two-thirds the appraised value. Plaintiff introduces the recorder, and the clerk of the District Court, and shows that there are no incumbrances recorded, except the school fund mortgage, and no judgments against William Barber, except

1. JUDICIAL SALE: appraisement: incumbrance.

2. ——: ——: burden of proof.

3. ——: liens: duty of purchaser.

the one under which the property was sold. But he ought to have gone one step further, and shown that there were no unpaid taxes, which constituted a lien against the property at the time of the sale. Having failed in this, he has not shown that the property did not sell for such sum as, added to the incumbrances, equals two-thirds the appraised value.

He has not made such an affirmative case as entitles him to relief.

As the defendant's title is absolute under the sale in virtue of the judgment against plaintiff, it is not necessary to determine the validity of the other two sales.

AFFIRMED.