McDONALD v. JOHNSON ET AL.

1. **Judicial Sale:** FRAUDULENT MORTGAGE. Where a fraudulent mortgage had been executed to defraud the creditors of the mortgagor, and the land embraced therein was sold under an execution to satisfy a judgment, the mortgage being treated in the appraisement and sale as a valid one, it was *held*, that the mortgagee could not, after the mortgage had been decreed fraudulent, maintain an action to set aside the sheriff's sale.

*Appeal from Poweshiek Circuit Court.*

WEDNESDAY, APRIL 3.

THE petition in substance alleges that on June 17, 1875, an execution issued from the Poweshiek Circuit Court, upon a judgment wherein W. J. Johnson is plaintiff, and W. H. McDonald and Henry McDonald are defendants, for the amount of $40.50, with interest and costs, and that under said execution the sheriff, by his deputy, levied upon a certain described forty acres of land; that said deputy sheriff failed to post written or printed notices of the time and place of sale, in the manner provided; that said deputy sheriff served notice on defendant in execution, W. H. McDonald, that on Saturday, September 4, 1875, at one o'clock P. M., he would sell said real estate at the door of the court house in said county; that on August 4, 1875, the deputy sheriff appointed P. P. Raymond and W. A. Vernon to appraise the said land, who appraised the value of the same to be $600; that the said deputy sheriff, or Clark Varnum, Esq., attorney, discharged the same, and said deputy appointed other appraisers, to-wit: J. M. Hastings and Arthur Shifflet, who, acting under the directions and instructions of said attorney, made return, fixing the value of said land at one dollar, when the land was well worth the sum of $800; that on September 4, 1875, at the front door of the postoffice in Malcolm, a place unusual, not

fixed by law, nor named in the notice served upon the execution defendant, the deputy sheriff sold said land to W. J. Johnson for $19.30—a price grossly inadequate, and which only covered the cost of the sale; that on the 18th day of October, 1875, said W. H. McDonald, and this plaintiff, offered to pay the amount of said judgment, interest and costs, and one hundred dollars to Johnson's attorney, which was refused; that on the 19th day of October, 1875, plaintiff tendered to the said W. J. Johnson the sum of $57.15, the full amount of judgment, interest and costs, and $19.30 sheriff's costs, which was refused, and which amount plaintiff brings into court for the use of those entitled to it; that on the 18th day of October, 1875, Phebe McDonald, this plaintiff, the mother of W. H. McDonald, bought the land of W. H. McDonald, and all his right and interest therein, and is the owner thereof.

Plaintiff asks that the sale may be declared fraudulent and void, and be set aside, and that defendant be compelled to accept the amount tendered, and satisfy the judgment and costs.

An injunction restraining the sale of the property was asked and was allowed, but no bond was filed, and no writ of injunction was issued.

The defendants, for answer, admit the judgment, issuance of execution and sale of the land; deny that the sheriff served notice that he would sell the land at the door of the court house in Montezuma, and allege that notice was duly served upon W. H. McDonald that the land would be sold at the door of the postoffice in Malcolm, and that McDonald was present at the time of sale; deny that the sheriff appointed any appraisers except those who appraised the land; deny that the sheriff or Clark Varnum destroyed any appraisement, or committed any fraud; deny that the land was worth $800, and aver that it was not worth over $500, and that it was incumbered to upwards of $1,300, all of which, as appeared from the county records, was senior and paramount to the lien of the judgment of *W. J. Johnson v. W. H. Mc-*

*Donald and W. M. McDonald;* admit that the appraisers appraised the land at the sum of one dollar, and allege that said sum was in excess of its value, subject to the incumbrances, which were senior to W. J. Johnson's judgment; admit that, at the front door of the postoffice in Malcolm, the land was sold to W. J. Johnson for $19.30, which was a sum largely in excess of the full value of the land, subject to the liens and incumbrances which were prior to Johnson's judgment; deny that the place of sale was unusual, not fixed by law, nor named in the notice of sale served on the execution defendant; aver that the sheriff executed to Johnson a deed for the land in the usual form, and that said land had been sold by the said Johnson to one J. Weaver, prior to the commencement of this action, and that none of the defendants have any interest in said real estate.

The defendants, by way of cross-petition, allege that on the 18th day of December, 1869, the plaintiff and W. H. McDonald, execution defendant in the execution referred to in plaintiff's petition, entered into a conspiracy and agreement to cheat, defraud and delay the then existing creditors of W. H. McDonald, of whom W. J. Johnson was one; that in pursuance of said fraudulent agreement, on said day, W. H. McDonald executed to plaintiff his promissory notes for two thousand dollars, and secured the same by a mortgage on the land on which the defendant Johnson's execution was levied; that immediately after the levy of the execution upon the land in controversy, the plaintiff, still pursuing her intention and agreement to defraud the creditors of W. H. McDonald, commenced her action to foreclose said fraudulent mortgage; that W. J. Johnson was made a party defendant to said action for the purpose of defeating his lien on said land; that Johnson appeared and answered in said cause and pleaded the fraud in the mortgage and notes, and a trial was had in the District Court of Poweshiek county and the said mortgage of plaintiff was decreed to be fraudulent and void, and a decree was rendered in said court in favor of said Johnson, dismissing

McDonald v. Johnson.

plaintiff's petition; that said plaintiff, having failed to fore-close and defeat the lien and title of W. J. Johnson, has com-menced this action to defeat in this court what she could not defeat in the District Court; that plaintiff's pretended deed, if any there be, was obtained subsequent to the sheriff's sale, and with full knowledge of the manner of conducting the sale, and was obtained without consideration in pursuance of the fraudulent agreement entered into between plaintiff and W. H. McDonald. The defendants ask that the sheriff's sale may be decreed to be regular and valid. No reply was filed to this cross-petition. The court decreed the sale and sheriff's deed to be void, and adjudged that defendant Johnson is entitled to the sum of $76.45, the money deposited with the clerk for his use.

The defendants appeal.

*Clark Varnum*, for appellants.

*Ballard & McCready*, for appellee.

DAY, J.—The land in controversy is the northwest quarter of the northwest quarter of section thirteen, township eighty, range fifteen.

On the 18th day of December, 1869, W. H. McDonald exe-cuted to his mother, the plaintiff, a mortgage upon this land, and also upon the northeast quarter of the north-west quarter of the same section, township and range, to secure four promissory notes, each for the sum of $500.

1. JUDICIAL sale: fraudu-lent mortgage.

On the 4th day of January, 1873, W. J. Johnson recovered a judgment against W. H. McDonald and Henry McDonald for the sum of $40.50, with interest at ten per cent and costs.

On the 17th day of June, 1875, execution was duly issued upon this judgment, and on the 2d day of August, 1875, it was levied upon the land in controversy. At the time of this levy the mortgage above named was upon record, and there

McDonald v. Johnson.

was apparently due thereon about $2,400. There were other liens upon said land, prior to Johnson's judgment, amounting to about $100.

The other forty covered by the mortgage was W. H. McDonald's homestead. McDonald was notified to select an appraiser for the land, but neglected to do so. The deputy sheriff, who had the execution in hand, thereupon appointed W. A. Vernon and P. P. Raymond to appraise the land. A statement was furnished to them showing the amount of incumbrances upon the land. They refused to consider the incumbrances, and appraised the land at $600, which is shown to be about its actual cash value. The deputy sheriff, acting under the advice and direction of Clark Varnum, Esq., the attorney of Johnson, disregarded this appraisement, and other appraisers were selected who appraised the land, subject to the incumbrances, at one dollar.

Before the sale, to-wit: on the 20th day of August, 1875, Phebe McDonald commenced an action against W. H. McDonald on the notes and mortgage, making W. J. Johnson a party defendant, asking a judgment against W. H. McDonald for $2,400, and that the lien of her mortgage be declared superior to that of Johnson's judgment.

On the 4th day of September, 1875, the land in controversy was sold at sheriff's sale to Johnson, for $19.30.

At the October Term, 1875, Johnson answered in the foreclosure suit, alleging that the notes and mortgage were wholly without consideration, and were made for the purpose of hindering, delaying and defrauding the creditors of W. H. McDonald.

On the 7th day of October, 1875, the Poweshiek District Court entered a decree in said cause, finding the allegations in the answer of Johnson to be true, and dismissing plaintiff's petition in so far as it sought a foreclosure of the mortgage upon the land in controversy.

Phebe McDonald recovered judgment against W. H. McDonald, on the notes, and in settlement of that, he deeded to

her the land in controversy. Thereupon the plaintiff brought this action to set aside the sheriff's sale.

It is claimed that the appraisement was irregular, and that the sale was for a grossly inadequate sum. The real cash value of the land, at the time of the sale, without reference to incumbrances, is shown to have been about $600. This land, in connection with another forty, was covered by a mortgage, which, including interest, amounted to about $2,400. The other forty was the homestead of the mortgagor, so that the forty in question was primarily liable for the whole debt. It was subject to an incumbrance of record, and which to all appearance was valid, amounting to four times its value. The value of the land, subject to the incumbrance, was nothing. If the sheriff had sold the land under the first appraisement, he would have been authorized to sell it for such sum as, added to the prior incumbrances, would amount to two-thirds the value of the property, as ascertained by the appraisement. *Sargent v. Pittman*, 16 Iowa, 469. The land sold for much more than that. It becomes immaterial to inquire into the validity of the second appraisement, for it is apparent that the execution defendant sustained no prejudice therefrom. The difficulty under which the plaintiff and the execution defendant labor, arises from the fact of their placing upon record a fraudulent mortgage upon the land, amounting to much more than its value. Purchasers at the sheriff's sale had a right to regard this mortgage as a valid lien. *Barber v. Tryon & Pierce*, 41 Iowa, 349. In fact the evidence shows that plaintiff and the execution defendant were both present at the sale, and that plaintiff warned every one present that whoever bought the land must discharge her mortgage before he could get a deed. The marketable value of the land was depreciated, because of the mortgage which plaintiff and the execution defendant placed upon the land. If the mortgage had been valid, it cannot be questioned that the land sold for more than it was worth. But now that the mortgage has been declared fraudulent, plaintiff seeks to

avail herself of that fact, and to set aside the sheriff's sale, because the land sold for an inadequate price. A court of equity will not permit her to make this claim for this purpose. So far as this sale is concerned, this mortgage must be considered what it appeared to be at the time of the sale, a valid lien upon the property sold.

The other allegations of the petition are not sustained by the proof. The execution defendant was notified that the sale would occur at the door of the postoffice in Malcolm.

II. There is a further insuperable objection to the sustaining of the decree of the court below. The evidence shows that the land in controversy was sold to J. Weaver before this action was commenced. He has not been made a party to this suit.

The petition of plaintiff should have been dismissed.

REVERSED.